**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4685**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEON POWELL, a/k/a Deon Archie Powell,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.   Robert C. Chambers, Chief District Judge.  (3:11-cr-00177-1)

Submitted:  March 19, 2013            Decided:  April 4, 2013

Before NIEMEYER, DAVIS, and KEENAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Carl E. Hostler, PRIM LAW FIRM, Hurricane, West Virginia, for Appellant.  Monica D. Coleman, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deon Powell was sentenced to seventy-one months' imprisonment after pleading guilty, pursuant to a plea agreement, to possession of heroin, in violation of 18 U.S.C. § 841(a)(1) (2006). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he found no meritorious issues for appeal but questioning whether the district court erred in denying Powell's pretrial motions to suppress and overruling Powell's objection to his drug quantity calculation. Powell filed a pro se supplemental brief reiterating counsel's arguments and asserting several other alleged errors. The Government has moved to dismiss Powell's appeal, asserting that he waived the right to appeal his sentence in the plea agreement. We dismiss in part and affirm in part.

We review de novo whether a defendant has effectively waived the right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted). To determine whether a waiver is knowing and intelligent, this court examines the totality of the circumstances, including the defendant's experience, conduct,

2

educational background, and familiarity with the plea agreement's terms. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). Generally, if a district court fully questions a defendant regarding the appellate waiver during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, this court will refuse to enforce an otherwise valid waiver if enforcing the waiver would result in a miscarriage of justice. Id.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Powell knowingly and intelligently agreed to the waiver of appellate rights as set forth in the plea agreement. During the Rule 11 colloquy, the court reviewed the terms of the plea agreement, including the waiver provision, with Powell, and Powell affirmed that he understood those terms. Powell admits this in his response to the Government's motion to dismiss, and did not contest the waiver in his Anders brief.

We next determine whether the issues Powell seeks to raise on appeal fall within the scope of the appellate waiver. Powell raises various allegations, including that the district court erred in denying his pretrial motions to suppress and overruling his objection to the drug quantity calculation, and that counsel forced him to lie about his guilt. However, Powell

waived the right to appeal his sentence or the manner in which it was determined on any ground, so long as his sentence was below or within the Guidelines range corresponding to an offense level of twenty-six. Because Powell's challenge regarding the drug quantity calculation concerns the manner in which his sentence was determined, and because Powell was sentenced within the Guidelines range corresponding to an offense level of twenty-four, Powell's challenge to the drug quantity calculation falls squarely within the scope of the appellate waiver. Accordingly, we grant the Government's motion to dismiss Powell's appeal of his sentence.

Powell's challenge regarding his pretrial motions, and the other claims in his pro se brief, concern his guilty plea and not his sentence, and thus fall outside the scope of the appellate waiver. To the extent Powell claims his guilty plea was involuntary, our review of the record compels the contrary conclusion. By knowingly and voluntarily pleading guilty, Powell has waived appellate review of the remaining claims. United States v. Willis, 992 F.2d 489, 490-91 (4th Cir. 1993). We also conclude that the record does not conclusively establish that counsel was ineffective; accordingly, Powell's ineffective assistance claim is not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

4

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Powell's conviction.

This court requires that counsel inform Powell, in writing, of his right to petition the Supreme Court of the United States for further review. If Powell requests that a petition be filed, but counsel believes such petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Powell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>